## Economy in Education Association v.
## School Board of Avon Grove School District

*Lawrence E. Wood*, for plaintiff.
*Susan P. Windle*, for defendant.

PITT, JR., J., March 20, 1974.—

### FINDINGS OF FACT

1. Avon Grove School District adopted its budget for the fiscal year 1972-73 which included estimated revenue of $2,809,869 and estimated expenditures of $2,817,869.

2. The school district did not include within its operating budget a cash balance from fiscal year 1971-72 of $187,000.

3. This cash balance represented excess State revenue from the 1971-72 fiscal year.

4. The school district also adopted a taxing resolution, imposing a 76 mills real estate tax on the assessed valuation of the district to raise revenue for anticipated salaries of teachers and supervisors.

5. The anticipated yield of the tax millage was $1,284,283.

6. Projected salaries of teachers and supervisors in the school district amounted to $1,331,595.

### DISCUSSION

The chancellor has been asked to decide the validity of a real estate tax imposed by the Avon Grove School

District. The school district levied a tax of 76 mills on real estate in order to create revenue for the projected expenses of salaries for teachers and supervisory personnel. The budget adopted by the school district reflected estimated salaries at a total of $1,331,595. The revenue generated by the aforesaid real estate tax would amount to $1,284,283. In reaching a determination as to the amount of revenue needed to meet the anticipated costs of teachers' salaries, the school board did not provide for the utilization of excess funds from prior State appropriations.

Plaintiffs argue that the school board erred in not making provision for the utilization of State funds when the decision was made to impose a tax of 76 mills. They contend that if these moneys had been accounted for, the tax rate would necessarily be decreased.

Defendants, on the other hand, argue that Pennsylvania law explicitly provides that a school district need not utilize excess State funds in determining the amount of revenue to be raised by a tax levied to pay the salaries of teachers and supervisory personnel.

It appears that the Pennsylvania legislature has dictated the result in this matter. Section 6-672(b) of the Public School Code of 1949 authorized the school board to levy a tax to pay the salaries of teachers and the supervisory staff: Act of March 10, 1949, P. L. 30, art. VI, sec. 672, as amended, 24 PS §6-672(b). The statute further provides that the tax so levied is not affected by reason of the fact that in determining the amount of tax, no deduction is made for appropriations and reimbursements of the Commonwealth: 24 PS §6-672(c).

In construing a statute which imposes a tax, the provisions must be strictly construed: Act of December 6, 1972, P. L. 966 (No. 290), sec. 1928, 1 Pa. S. §1928.

When the words of a statute are clear and unambiguous, the statute must be given its plain and obvious meaning: Act of December 6, 1972, P. L. 966 (No. 290), sec. 1921, 1 Pa. S. § 1921, Davis v. Sulcowe, 416 Pa. 138 (1964).

The language of the Public School Code leaves no doubt that the school district is not only authorized but also directed to levy a tax on real property assessment to produce revenue to pay the salaries of teachers and supervisory personnel: 24 PS §6-672(b). Furthermore, the language of section 6-672(c) is clear and unambiguous when it states that such a tax shall not be invalidated or affected by the fact that, in determining the amount to be raised, no deductions were made for appropriations or reimbursements paid by the Commonwealth to the school district which are applicable either directly or indirectly to the salaries.

The point of contention at bar is the unused State aid subsidy of $187,000. If this were to be applied to the expenses incurred in paying salaries, the tax millage would be decreased. However, the school board was under no obligation to make such a deduction. It was authorized to impose a tax which would generate enough revenue to pay anticipated salaries. In fact, the tax as stated would yield slightly less. The tax as imposed is valid and plaintiffs are not entitled to relief.

## CONCLUSIONS OF LAW

1. The school district of Avon Grove duly adopted its budget for fiscal year 1972-1973.

2. The school board conformed to the Public School Code in imposing a tax of 76 mills to generate revenue for projected salaries of teachers and supervisory personnel.

3. The tax as imposed is valid.

4. The school board, under the law, did not err in refusing to account for $187,000 in excess State aid subsidies when it provided for the said tax.

## DECREE NISI

And now, to wit, March 20, 1974, for the reasons stated within the above adjudication, it is hereby ordered and decreed that plaintiffs' prayer for relief is denied and the complaint dismissed. This decree and order to be final unless exceptions are filed as by rule provided.